**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:05mj333

GARY NORFLEET,

       Defendant.

<u>ORDER</u>

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on September 21, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offenses and that his detention is warranted.

On September 14, 2005, the defendant was charged by criminal complaint with possession with intent to distribute 29.3 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and possession with intent to distribute 0.55 grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Because this offense involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, which carries a maximum prison term of ten years or more, a presumption in favor of detention applies in this case. <u>See</u> 18 U.S.C. § 3142(e).

To support a finding of probable cause and to establish that detention is warranted, the Government offered the testimony of Special Agent Steven J. Vienneau of the Federal Bureau of Investigation who testified in conformance with the contents of the affidavit he executed in support of the criminal complaint. Vienneau was then cross-examined by counsel for the defendant. According to Agent Vienneau, the defendant was arrested on March 30, 2005 for shoplifting a remote control device, valued at approximately eighty dollars, from a Circuit City electronics store in Chesapeake, Virginia. A search of the defendant incident to his detention and arrest revealed drugs in his possession that were packaged in such a way as to indicate the possibility of distribution. The drugs in the defendant's possession included approximately four or five plastic bags containing a total of 29.3 grams of cocaine base and eight capsules in another plastic bag containing a total of 0.55 grams of heroin. The identification of the substances as cocaine base and heroin was confirmed by laboratory tests. The defendant also had in his possession a cellular telephone and a set of car keys. According to Agent Vienneau, a subsequent search of the defendant's vehicle incident to his arrest produced a set of scales. Agent Vienneau also testified as to information provided by a confidential informant, and corroborated by surveillance activities, that the defendant distributes heroin and on four separate occasions had distributed

over seventeen grams of heroin.

The Court, having considered the affidavit of Agent Vienneau and his testimony, FINDS the existence of probable cause to believe that the defendant committed the charged offenses. The Court further FINDS by clear and convincing evidence, based on the testimony, pretrial services report, and the statutory presumption in favor of detention, that the defendant represents a danger to the community and by a preponderance of the evidence that he represents a risk of flight and that there exists no condition or combination of conditions that will reasonably assure the safety of the community or the appearance of the defendant.

The Court notes that the defendant's counsel did present evidence by proffer to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

The Court considered the nature and seriousness of the charge against the defendant. The defendant stands accused of felony offenses involving possession with intent to distribute cocaine base and heroin. The defendant faces a term of forty years, in addition to any sentence imposed by the Chesapeake General District Court for the underlying shoplifting offense, if convicted upon evidence beyond a reasonable doubt.

The weight of the evidence against the defendant is strong. According to Agent Vienneau, the drugs in defendant's possession were packaged in such a way as to indicate the possibility of distribution.  These included multiple bags of cocaine base, each of which were significant in weight, with a total weight of 29.3 grams, as well as eight capsules in another plastic bag containing a total of 0.55 grams of heroin.  According to Agent Vienneau, a set of scales was also recovered from a search of the defendant's vehicle incident to his arrest.  Agent Vienneau also testified that information provided by a confidential informant resulted in surveillance activities on four separate occasions in which the defendant had distributed over seventeen grams of heroin.

The Court next considered the history and characteristics of the defendant.  The defendant has an extensive criminal record with multiple felony and misdemeanor convictions, including possession of cocaine and other controlled substances, possession of cocaine with intent to distribute, forgery, obstruction of justice, possession of drugs, eluding police, larceny, unauthorized use of motor vehicle, habitual offender, contempt of court, assuming a false name and failure to appear.  The Court notes that the defendant's record includes a number of narcotics convictions and that he admits to having used heroin in March 2005.  The defendant has family ties to this community, having lived with his sister in Chesapeake, Virginia for the past five years until he was arrested

in March 2005. The defendant's mother apparently was willing to serve as a third-party custodian and would allow the defendant to be electronically monitored from her home in Chesapeake, Virginia. The defendant has no assets, liabilities, or income, apparently having been unemployed since 2003. The Court also notes that the defendant apparently has maintained regular telephone contact with his four children, for two of which he has been court-ordered to pay one-hundred twenty ($120.00) dollars per month in support.

The Court considers the defendant a danger to the community due to his apparent involvement in the distribution of drugs. The Court notes that the cost of having to defend against the charges facing him in this case provides the defendant with an incentive to continue dealing drugs if released. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of charges, the potential for pretrial recidivism exists in accused drug dealers). In addition, the Court notes that the defendant, having been surveilled during at least four other drug transactions, faces the prospect of a number of other charges based on those activities. The Court also considers the defendant to be a risk of flight due to his multiple convictions for failure to appear, obstruction of justice, eluding police, assuming a false name and his pending probation violation charges from May 9, 2005 for which no court date has been set at present.

In view of the facts set forth above, the Court FINDS by clear

and convincing evidence that the defendant represents a danger to the community and by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant.

The Court therefore ORDERS the defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States

Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 23rd day of September, 2005.

                                                                      /s/
                                         F. Bradford Stillman
                                         United States Magistrate Judge